F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
**LOS ANGELES LEGAL SOLUTIONS**
A PROFESSIONAL LAW CORPORATION
17200 Ventura Blvd., Suite 115
Encino, CA 91316
Telephone:   (818) 510.0555
Facsimile:    (818) 510.0590

*Attorneys for Plaintiff,*
Tigran Gazdhyan

# UNITED STATES DISTRICT COURT
# CENTAL DISTRICT OF CALIFORNIA

| Tigran Gazdhyan, | ) CASE NO. |
|---|---|
| Plaintiff, | ) |
| vs. | ) 1) **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.** |
| Chime Financial, Inc., Evolve Bank & Trust, Evolve Bancorp Inc., and The Goldman Sachs Group, Inc., | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. Tigran Gazdhyan ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Evolve Bank & Trust ("Evolve"), Evolve Bancorp Inc. ("Evolve Bank"), Chime Financial, Inc. ("Chime"), and The Goldman Sachs Group, Inc. ("Goldman Sachs") (collectively, "Defendants") with regard to unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendants conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County in this judicial district; (ii) the conduct or some part of the conduct complained of herein giving rises to the causes of action occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Los Angeles County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendant Chime is headquartered in San Francisco County, California.

14. Defendants Evolve and Evolve Bank are headquartered in Arkansas and Tennessee, respectively.

15. Defendant Goldman Sachs is headquartered in New York, New York.

16. Defendants are each a "financial institution" as defined by 15 U.S.C. 1693a(9).

17. Defendants are each a corporation doing business in the County of Los Angeles, State of California and are each a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

18. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, were the principals, officers, directors, employers, joint ventures, co-conspirators, alter egos, alternate entities, affiliated entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants,

delegates, delegators and/or agents of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was ratified by each of the remaining Defendants. Defendants are liable are liable engaging in the acts, omissions and representations referenced throughout this complaint and/or through discovery. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such, Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or through or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. Plaintiff maintained a deposit account with Defendants that each constituted an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1) (the "Deposit Accounts") and had debit cards or peer to peer payment apps that were linked to these deposit accounts that Plaintiff maintained with Defendants (the

"Electronic Payment Methods").

21. Beginning on or about August of 2024, the Plaintiff's Electronic Payment Methods were used to make charges against Plaintiff's Deposit Accounts (the "fraudulent transactions").

22. Plaintiff never authorized nor made any of these fraudulent transactions.

23. Within sixty days of discovering these fraudulent transactions on the periodic account statements issued by Defendants to Plaintiff for the Deposit Accounts, Plaintiff disputed these charges with Defendants in writing, including by filing Identity Theft/Fraud Affidavits with Defendants.

24. These disputes pointed out why the transactions were fraudulent and that the transactions were not made by Plaintiff.

25. Plaintiff was severely disappointed as he received communications/correspondence from Defendants denying Plaintiff's disputes.

26. Defendants sent Plaintiff multiple letters denying Plaintiff's disputes and claiming that Plaintiff was responsible for the fraudulent transactions.

27. Defendants ignored the fact that Plaintiff had provided evidence that these fraudulent transactions were not authorized or initiated by Plaintiff.

28. Plaintiff getting nowhere with his disputes, was forced by the inaction of Defendants to bring this lawsuit.

29. This has caused Plaintiff emotional and financial stress, and has caused significant financial damage to Plaintiff.

30. Plaintiff submitted his dispute to Defendant in less than 60 days from receipt of Account statements showing the unauthorized transactions.

31. Defendants' investigations were unreasonable.

32. More specifically, Defendants should have discovered from their own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.

33. Defendants' did not have a reasonable basis for believing that the Plaintiff's

accounts were not in error.

34. Defendants knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

35. Through this conduct, Defendants violated 15 U.S.C. § 1693f.

36. Through this conduct, Defendants violated 15 U.S.C. § 1693g.

37. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 CF.R. 1005.2(m).

38. To date, Defendants continue to hold Plaintiff responsible for the fraudulent transactions.

39. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

# CAUSES OF ACTION CLAIMED BY PLAINTIFF
# COUNT I

# VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

Article I.   15 U.S.C. §§ 1693, ET SEQ. (EFTA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

42. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

LOS ANG LEGAL SOLUTIONS
818.510.0555

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

43. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 30, 2025                                    Respectfully submitted,

**LOS ANGELES LEGAL SOLUTIONS,**
**A Professional Law Corporation**

By: __s/F. Jay Rahimi_____
    F. Jay Rahimi, Esq.
    *Attorney for Plaintiff,*
    Tigran Gazdhyan